IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 95-10976

———————————————

EARL RUSSELL BEHRINGER,

Petitioner-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of
Criminal Justice,
Institutional Division,

Respondent-Appellee.

———————————————

Appeal from the United States District Court
for the Northern District of Texas

———————————————

February 5, 1996

Before GARWOOD, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:

Earl Russell Behringer seeks a stay of his execution scheduled for February 15, 1996, and a certificate of probable cause to allow his appeal from a denial of his application for a writ of habeas corpus by the United States District Court for the Northern District of Texas. We deny the request for stay of execution and certificate of probable cause.

This is Behringer's first federal habeas petition. He asserted five claims in his petition to the United States District Court. Our question is whether Behringer has made a substantial

showing of the denial of a federal right in any of these five claims:

(a) Whether Behringer was denied effective assistance of counsel, his right to a trial by jury, and due process by the trial court's sua sponte excusal of veniremembers David Wayne Wright, Doris Odle Simmons, and Irma K. Warters in the absence of Behringer and his counsel.

(b) Whether Behringer was denied due process of law and subjected to cruel and unusual punishment by the jury's affirmative answer to special issue two based on insufficient evidence.

(c) Whether Texas' statutory scheme requiring direct appeal of death penalty cases to the Texas Court of Criminal Appeals denied Behringer due process of law and equal protection under the law.

(d) Whether the Texas death penalty scheme denied Behringer due process of law and imposed cruel and unusual punishment by preventing Behringer from informing the jury of the parole implications of a life sentence while authorizing a jury instruction not to consider parole eligibility in deciding the answer to special issue two.

(e) Whether the Texas death penalty scheme denied Behringer due process of law and imposed cruel and unusual punishment by simultaneously restricting the jury's discretion to impose the death penalty while allowing the jury unlimited discretion to consider mitigating evidence.

The United States District Court, Judge John McBryde, filed a detailed Memorandum and Order on October 2, 1995, denying the petition for writ of habeas corpus and vacating a stay of execution. The district court granted leave to appeal in forma pauperis, but denied petitioner's application for certificate of probable cause. The district court rejected each of these claims. We have reviewed the district court's detailed Order and considered the briefs and record before us. We reach the same conclusion as

2

the district court for essentially the reasons stated in its order of October 2.  The details of the crime and the treatment of the claims are set out in the Order, and we will not restate them.

The application for Stay of Execution and Certificate of Probable Cause are DENIED.